■ In the Matter of SHELDON SILVER, Respondent, v. HERBERT F. FEUER et al., Constituting the Board of Elections in the City of New York, Respondents, MIRIAM FRIEDLANDER et al., Appellants, and JULIUS NEUMANN et al., Respondents.— Judgment, Supreme Court, New York County, entered October 18, 1974, which, in a proceeding under section 330 of the Election Law, directed the holding of a new primary election between Sheldon Silver and Miriam Friedlander for the Democratic nomination for the office of City Councilman for the Second Councilmanic District of the City of New York, on or before October 28, 1974, reversed, on the law and on the facts, the referee's report confirmed, and the petition dismissed, without costs and without disbursements. Of the six candidates who sought the Democratic nomination for the office of City Councilman for the Second Councilmanic District, the winning candidate, Friedlander, received 4,237 or 23.4% of the 18,075 votes cast. Friedlander's plurality was 95 votes as compared with the 4,142 or 22.9% of the votes received by petitioner Silver. The remaining four candidates thus received 53.7% of the votes. After a hearing, the referee found "neutral" irregularities (no fraud) numbering 303, of which 40 represented the disparity between the public counters and signed buff cards. Deduction of the 8.76% fall-off vote resulted in 276 irregularities. The referee recommended dismissal of the petition. Nothing in the record now before this court warrants the order of Special Term of a new primary election between the petitioner and the successful candidate. A new election may be ordered when the "irregularities * * * render impossible a determination as to who rightfully was * * * elected". Election Law, § 330, subd. 2.) "An election will not be overturned upon a mere mathematical possibility that the results could have been changed". (Matter of Badillo v. Santangelo, 15 A D 2d 341, 342.) Rather, does the burden lie with "the party attempting to impeach the results to show that the 'irregularities are sufficiently large in number to establish the probability that the result would be changed by a shift in, or invalidation of, the questioned votes.'" (Matter of De Martini v. Power, 27 N Y 2d 149, 151.) Petitioner has not met that burden. As the referee properly concluded, "Since the margin of victory was half of one percent of the vote cast and since there were six candidates for the office, it strains credulity to assume that Freidlander, the successful candidate, received an extreme percentage of the irregular vote." Concur — McGivern, P. J., Markewich, Tilzer and Yesawich, JJ.; Kupferman, J., dissents in the following memorandum: I would modify to direct that the election not be limited to the two candidates Friedlander and Silver, as provided by Special Term, and that instead the new primary election have the same six candidates that took part previously. In a note in Columbia Law Review (vol. 73, p. 318) aptly entitled Primary Challenges in New York: Caselaw Coleslaw v. Election Protection, the author concludes as follows (p. 341): "Public confidence in the electoral process depends in part upon judicial efforts to preserve not only the actual integrity of the process, but also the appearance of freedom from manipulation. Failure to formulate adequate standards of review frustrates this purpose. It is submitted that the New York courts have too often reached ill-con-

sidered and inconsistent results. Such apparent judicial confusion amounts to a mandate for clear and careful Court of Appeals opinions in the next round of primary challenges." Unfortunately, we do not have sufficient time in the rush to election with the appeals coming up on limited records at a late date on their way to Albany on the 'morrow, to set forth such clear rulings. Under the present state of the law (see *Matter of Postel* v. *Sclafani,* 35 N Y 2d 734) citing *Matter of Ippolito* v. *Power,* 22 N Y 2d 594) the election was properly declared invalid and a new one directed. The irregularities, if such they be, are fairly inconsequential and do not rise to the level of a really improper interference with the electoral process. (Cf. *Matter of Lowenstein* v. *Larkin,* 40 A D 2d 604, affd. on opn. of App. Div. 31 N Y 2d 654.) If there is to be a new election, then it should include all of the candidates. (*Matter of Santucci* v. *Power,* 25 N Y 2d 897 affg. 33 A D 2d 517; cf. *Matter of Daubner* v. *Dinkins,* 33 N Y 2d 649.)